UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TATIANA SPIEGEL                                            CIVIL ACTION

VERSUS                                                     NO. 08-5127

FONZAIL IMRAN ALVI, ET AL.                                 SECTION "C"2

_____

**ORDER AND REASONS**

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the memoranda of counsel and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition concerns damages caused by an automobile collision when her right shoulder rotator cuff was torn. The defendants removed based upon diversity. Plaintiff contests both the amount and controversy and the diversity of the parties.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to

invest a federal court with jurisdiction.  <u>Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.</u>, 988 F.2d 559 (5th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 685 (1994).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  <u>Id.</u>; <u>Luckett v. Delta Airlines, Inc.</u>, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. <u>Id.</u>  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  <u>Id.</u>  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  <u>St. Paul Mercury Indemnity Co. v. Red Cab Co.</u>, 303 U.S. 283, 287, fn. 10 (1938), <u>citing</u>, <u>McNutt v. General Motors Corp.</u>, 298 U.S. 178, 182-189 (1936); <u>Diefenthal v. Civil Aeronautics Board</u>, 681 F.2d 1039 (5th Cir. 1982), <u>cert. denied</u>, 459 U.S. 1107 (1983).

      The defendants have not met its burden to show that the jurisdictional amount is

facially apparent for present purposes, nor has it made a showing sufficiently particularized to meet its burden.  Defendants have failed to provide any documentation to support its removal of this case.   Defendants argue instead that four other cases in the state have produced damage awards greater than $75,000 for allegedly similar injuries.  In all of those cases, surgery was necessary.  In this case, at the time of removal, surgery was only a possibility.   Defendants allude to the possibility of lost wages and future earning capacity, but without any supporting evidence as to the amounts specific to this case.

As the Court finds that defendants have failed to sustain their burden to establish the minimum amount in controversy at the time of removal, it is unnecessary for this Court to decide whether or not there was complete diversity among the parties.

Based on the record and the law, the Court finds that the defendants have not established subject matter jurisdiction.  In addition, the Court is mindful that removal jurisdiction is strictly construed.  See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court, Orleans Parish, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 1st day of May, 2009.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE